**GLENDORA, Plaintiff,**

v.

**John C. MALONE, et al., Defendants.**

**No. 96 Civ. 140 (WCC).**

United States District Court, S.D. New York.

Feb. 26, 1996.

---

Glendora, White Plains, New York, pro se.

Cohen, Dax, Koenig & Wiles, P.C. (Ben Wiles, of counsel), Albany, New York, for Defendants.

WILLIAM C. CONNER, Senior District Judge.

## BACKGROUND

Plaintiff Glendora filed this *pro se* action on January 10, 1996. A number of defendants have moved to dismiss on grounds of insufficiency of process, insufficiency of service of process, lack of personal jurisdiction or misjoinder. The facts set forth below are not disputed, unless otherwise noted. They are drawn from affidavits submitted by plaintiff and by counsel for defendants. *See* Affidavit of Glendora, dated February 5, 1996; Affidavit of Ben Wiles, dated January 30, 1996.

Glendora produces a public access cable television program that is currently broadcast, along with a number of other public access programs, on Channel 8 of the cable system that serves southern Westchester County. The cable system covers approximately twenty municipalities; public access programming broadcast on Channel 8 is aired simultaneously in all of them. In addition to Channel 8, each municipality retains control over one or more public access channels that broadcast programming only within that municipality. The cable system operator has announced plans to change the distribution of programming among the channels carried on its system. Under the proposed channel allocation, Channel 8 would no longer be used for public access but would instead carry the programming of WRNN, a local television station not currently assigned a channel on the cable system.[1] Each municipality would have the authority to determine whether the programming currently seen on Channel 8 would be broadcast on its local public access channels. As a result, public access programs currently broadcast simultaneously throughout the system might be broadcast on different channels and in different time slots in the various municipalities, or might not be broadcast at all in some areas. Plaintiff alleges that the proposed channel allocation violates her First and Fourteenth Amendment rights and her rights under the federal and state laws that govern the provision of public access channels. She has brought claims under 42 U.S.C. § 1983 and 47 U.S.C. § 531(e), as well as various pendent state law claims.

Plaintiff's complaint, as originally filed, named seventeen defendants—sixteen individuals and Tele–Communications, Inc. ("TCI"). At a conference held on January 23, 1996,[2] counsel for defendants represented

---

1. WRNN made its request that the cable system operator carry its programming pursuant to 47 U.S.C. § 535 and regulations promulgated thereunder, which designate certain local stations that broadcast sufficiently strong signals as "must-carry" stations. If a station meets the standards set forth in those provisions, the cable system operator has no discretion to refuse carriage.

2. The purpose of that conference, at which plaintiff and counsel representing a number of the defendants appeared, was to resolve plaintiff's motion for a temporary restraining order and a preliminary injunction. At the end of the conference, we orally denied plaintiff's motion without prejudice. We issued a written confirmation of our ruling later that day. Plaintiff's appeal from that ruling is currently pending before the Second Circuit.

We retain jurisdiction pending appeal from a ruling denying a preliminary injunction, *see* 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2962, at 438 (1995), and we may therefore issue this ruling on defendants' motion.

to the court that UA–Columbia Cablevision of Westchester, Inc. d/b/a/ TCI Cable of Westchester ("TCI–Westchester"), a New York corporation with its principal place of business in Mamaroneck, New York, operates the cable system at issue here. We therefore directed plaintiff to serve TCI–Westchester.

## DISCUSSION

### I. Defendants' Motion

#### A. Misjoinder

■ All of the defendants, except for TCI–Westchester, have moved to dismiss on the ground that they are improperly joined in this action. To cure misjoinder, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. The Federal Rules of Civil Procedure do not define misjoinder, but the cases make clear that misjoinder of parties occurs when they fail to satisfy the conditions for permissive joinder under Fed.R.Civ.P. 20(a). *See Benson v. RMJ Securities Corp.,* 683 F.Supp. 359, 377 (S.D.N.Y.1988); 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1683, at 443 (1986). Therefore, parties are misjoined if the claims asserted against them "do not arise out of the same transaction or occurrence or do not present some common question of law or fact." *American Fidelity Fire Insur. Co. v. Construcciones Werl, Inc.,* 407 F.Supp. 164, 190 (D.V.I.1975). The district court has broad discretion in ruling on a motion brought under Rule 21.[3] *See Benson,* 683 F.Supp. at 378; 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1688, at 471 (1986).

Plaintiff has brought claims for injunctive relief and monetary damages arising out of the decision to reallocate Channel 8. Therefore, in order for defendants to be properly joined in this action, plaintiff must be asserting claims against them on the basis of their alleged involvement in making that decision. In evaluating defendants' arguments, we are mindful that plaintiff is proceeding *pro se* and has not yet had the opportunity for discovery. Therefore, we will not dismiss any defendant unless it is clear that discovery would not likely reveal facts demonstrating that the defendant participated in deciding to reallocate Channel 8.

■ The complaint alleges that TCI is responsible for the decision to reallocate Channel 8. *See, e.g.,* Complaint, at ¶¶ 33, 48, 50, 52. Plaintiff appears to have named TCI inadvertently, however, as the complaint describes TCI as "the only cable system serving these 21 municipalities in Westchester County." Complaint, at ¶ 9. Defendants have established to the court's satisfaction that TCI–Westchester, rather than TCI, is the company that operates the cable system serving the municipalities in southern Westchester County. Defendants have represented to the court that TCI–Westchester is the entity that signed the cable franchise agreements with each municipality. Furthermore, TCI–Westchester holds the relevant New York State cable television certificates and is the registered system operator on file with the Federal Communications Commission. *See* Wiles Aff., at ¶ 9; Defendants' Memorandum of Law, at 3–4. TCI–Westchester, as operator of the cable system, is the entity that has the power to allocate channels and to make programming decisions.

TCI–Westchester is only distantly related to TCI in the corporate family tree: TCI–Westchester is a subsidiary of TCI of Northern New Jersey, Inc., which is a subsidiary of United Artists Cablesystems Corporation, which is a subsidiary of United Artists Holdings, Inc., which is a subsidiary of United Artists Entertainment Company, which is a subsidiary of TCI Communications, Inc. ("TCI–Comm"), which is a subsidiary of TCI. TCI is a holding company that has no responsibility for the operation of the cable system run by TCI–Westchester. *See* Wiles Aff., at ¶¶ 9–10. Hence, this action should

---

3. As plaintiff correctly observes, misjoinder is not grounds for dismissal of the entire action. *See* Fed.R.Civ.P. 21. At this time, however, defendants seek dismissal of particular defendants, rather than of the entire action. Clearly, the court may rely on Rule 21 to delete parties that have no connection to the claims asserted.

**228**

proceed against TCI–Westchester, rather than against TCI. *See Petroleum Data Servs., Inc. v. First City Bancorporation of Texas, Inc.,* 622 F.Supp. 1022, 1026 (D.Kan. 1985) (relying on Rule 21 to delete defendant parent corporation and permitting breach of contract action to proceed against subsidiary that actually signed contracts at issue).

■ Furthermore, individual defendants Malone, Bob Magness, Cloustan, Thomson, Fisher, Gallivan, Kim Magness, and Naify are officers and/or directors of TCI or TCI–Comm. *See* Wiles Aff., at ¶¶ 11–14, 16–17. Defendant O'Brien was a director of TCI until his death in February 1995. *See id.,* at ¶ 18. These defendants are not officers or directors of TCI–Westchester and do not have any responsibility for the operation of TCI–Westchester's cable system. Accordingly, they did not participate in the decision to reallocate Channel 8. *See id.,* at ¶¶ 11–14, 16–18. Therefore, it appears that none of these defendants has any connection to the events that gave rise to plaintiff's claims.

Plaintiff does not dispute these factual assertions, although she contends that these individual defendants are liable because, as officers and directors of TCI and TCI–Comm, they are "ultimately responsible" for TCI–Westchester's decision to reallocate Channel 8. *See* Glendora Aff., at ¶¶ 16, 18, 20, 22, 28, 29. There appears to be no factual basis for this conclusory contention. Indeed, plaintiff seems to have named defendants Malone, Bob Magness, Cloustan, Thomson, Fisher, Gallivan, Kim Magness, Naify and O'Brien solely because their names appear in a directory listing of officers and directors of TCI and TCI–Comm. *See* Complaint, at ¶ 10. In view of the fact that TCI and TCI–Comm do not operate the cable system in question, permitting plaintiff to take discovery of these defendants, as she requests, would not reveal facts that tie TCI or these individual defendants to the decision to reallocate Channel 8.

Therefore, pursuant to Fed.R.Civ.P. 21, TCI and individual defendants Malone, Bob Magness, Cloustan, Thomson, Fisher, Galli-

van, Kim Magness, Naify and O'Brien are dismissed from this action.[4]

■ We decline, however, to dismiss defendants Marshall, Sullivan, Wicker, Brown and Rich at this early stage in the litigation. Defendants point out, quite correctly, that the complaint does not allege any specific actions by any of these individuals that gave rise to the claims that plaintiff asserts. *See* Complaint, at ¶¶ 10–15 (only allegations that refer specifically to individual defendants simply recite the title of the position that each defendant holds or has held). Nevertheless, by virtue of the positions that these individuals hold, or have held, at TCI–Westchester, it is possible that each could have been involved in making the decision to reallocate Channel 8.

Marshall is the Chairman of the Board of Directors of TCI–Westchester. *See* Wiles Aff., at ¶ 15. Although he is not likely to have been directly responsible for making the decision, it is possible that he may have evaluated or approved it. In addition to his position as a member of the Board of Directors, Sullivan is Vice–President of TCI–Westchester. *See id.,* at ¶ 21. Defendants do not assert that he did not participate in making the decision. *See id.* Wicker is the current Interim General Manager and Business Operations Manager of TCI–Westchester. *See id.,* at ¶ 20. It seems to us that given his position, it is likely that he was involved in making the decision of which plaintiff complains. Wicker replaced defendant Brown in November 1995. *See id.,* at ¶¶ 19, 20. Defendants assert that Brown left the employ of TCI–Westchester before the final decision was made concerning the reallocation of Channel 8. *See id.,* at ¶ 19. Given Brown's former position as General Manager, however, we believe that plaintiff is entitled to discovery to ascertain his role, if any, in the events underlying her claims. Rich is Manager of Production. Defendants assert that he has no decisionmaking authority over the allocation of channels. *See id.,* at 24. The nature of Rich's duties is not clear

---

4. Defendants Kim Magness, Gallivan, Naify and O'Brien have not appeared. *See* Wiles Aff., at ¶ 4. We nevertheless delete them from this ac-

tion because it is apparent that if they were to appear, they would be misjoined.

from the information currently before this court, however, and we decline to dismiss him from this action before plaintiff has had the opportunity to take any discovery.

We will, however, dismiss defendants Magarelli and Dunne at this time. Magarelli is TCI–Westchester's Marketing Manager, and Dunne is an administrative assistant at its office in Mamaroneck. *See id.*, at ¶¶ 22, 23. It is clear from the nature of their positions that neither of these defendants has any decisionmaking authority with respect to channel allocation.

### B. Insufficiency of Process and Service of Process

■ All of the defendants, except TCI–Westchester, Wicker and Sullivan, have moved to dismiss on the grounds of insufficiency of process and insufficiency of service of process. Defendants contend that only Wicker, Sullivan and TCI–Westchester have been served with a copy of the summons and complaint, while the other defendants have received only a copy of the order to show cause that set the January 23, 1996, conference date and an incomplete copy of plaintiff's affidavit and memorandum of law in support of her motion for a temporary restraining order and a preliminary injunction. *See* Wiles Aff., at ¶¶ 3–8 & Exhibit A.

Defendants raised this issue at the conference we held on January 23. At that time, in light of plaintiff's *pro se* status, and her diligent, although apparently not entirely successful, attempts to effect proper service, we stated that we considered any defects in service to be remediable.[5] As the time limit prescribed by Fed.R.Civ.P. 4(m) has not yet expired, plaintiff may cure any defects in service by the simple expedient of serving a copy of the summons and complaint on any remaining defendant who has not previously been properly served. In this connection, we direct plaintiff's attention to the requirements of Fed.R.Civ.P. 4, and in particular to Fed.R.Civ.P. 4(c). We also direct plaintiff's attention to Fed.R.Civ.P. 4(d), under which

she may opt to mail a copy of the complaint to each of the defendants, along with a request for a waiver of service of the summons. If, at the expiration of the period prescribed in Fed.R.Civ.P. 4(m), it appears that plaintiff has not properly served any defendant, that defendant may renew his motion.

### C. Personal Jurisdiction

A number of individual defendants have also moved to dismiss for lack of personal jurisdiction. We have dismissed all of the defendants, except Marshall and Brown, to whom this argument applies on the ground that they were misjoined in this action. Hence, we need address defendants' arguments on this point only to the extent that they relate to Marshall and Brown.

■ Defendants contend that Marshall and Brown are not New York residents and are not subject to personal jurisdiction under New York's long-arm statute. That statute provides that individual defendants may be subject to personal jurisdiction in New York if they conducted purposeful activity in New York that bears a substantial relationship to the transaction that gave rise to the cause of action set forth in the complaint, *see* N.Y.Civ. Prac.L. & R. § 302(a)(1); *McGowan v. Smith*, 52 N.Y.2d 268, 437 N.Y.S.2d 643, 645, 419 N.E.2d 321, 322–23 (1981), or if they do business in New York. *See* N.Y.Civ.Prac.L. & R. § 301; *Laufer v. Ostrow*, 55 N.Y.2d 305, 449 N.Y.S.2d 456, 460–61, 434 N.E.2d 692, 695–97 (1982); *Lancaster v. Colonial Motor Freight Line, Inc.*, 177 A.D.2d 152, 581 N.Y.S.2d 283, 288 (1992) (citing *ABKCO Indus., Inc. v. Lennon*, 52 A.D.2d 435, 384 N.Y.S.2d 781, 783–84 (1976)); 1 Jack B. Weinstein et al., New York Civil Practice ¶ 301.15, at 3–30 & n. 93 (1994).

While we doubt that Marshall and Brown are engaged in a sufficiently "continuous and systematic course of activity" that they may be deemed to be doing business in New York, *see* Wiles Aff., at ¶¶ 15, 19; *Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 50–51 (2d Cir.1991), it is possible that one or both

---

5. Contrary to Glendora's assertions, we did not rule that this court had personal jurisdiction over each and every defendant. We simply directed defendants' counsel to focus his oral presentation on other issues, as we did not contemplate basing any ruling that we might make at that time on flaws in the papers served or in the manner in which service was made.

of them may have been involved in making the decision to reallocate Channel 8. Plaintiff is entitled to discovery to attempt to demonstrate any such involvement in the events that gave rise to her claims. If, however, discovery does not reveal a basis for personal jurisdiction over these defendants, they may renew their motion.

## II. Plaintiff's Applications

### A. Sanctions

Plaintiff has requested sanctions against defendants, pursuant to Fed.R.Civ.P. 11, for making the instant motion. As it is abundantly clear that defendants' motion was neither frivolous nor made for any improper purpose, we deny plaintiff's request.

### B. Application Under Local Rule 2

Pursuant to Local Rule 2, plaintiff has requested that this court order defendants to provide her with a list of defendants' home addresses. Local Rule 2 states that:

> "A party shall furnish to any other party, within five (5) days after a demand, a verified statement setting forth said party's post office address and residence.... Upon non-compliance with the demand, the court, on *ex parte* application, shall order the furnishing of the statement...."

Glendora's application does not state whether she has requested this information from the defendants or whether they have failed to comply with that request. Nevertheless, in the interests of efficiency and given that plaintiff is clearly entitled to the information that she seeks, we hereby order defendants to furnish to plaintiff, within 10 days of the date of this order, the post office address and residence of each of the remaining defendants.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted in part and denied in part. Pursuant to Fed.R.Civ.P. 21, defendants TCI, Malone, Bob Magness, Cloustan, Thomson, Fisher, Gallivan, Kim Magness, Naify, O'Brien, Magarelli and Dunne are hereby dismissed from this action. Plaintiff's application for Rule 11 sanctions is denied, and her application under Local Rule 2 is granted with respect to those defendants not dismissed from this action by this order.

SO ORDERED.